## COOPER'S ADMINISTRATOR v. WRIGHT.

On an agreement to pay a certain sum with interest at the end of a stipulated time, *e. g.* three years, the interest is not payable annually, unless so expressed, but only when the principal is payable at the end of the term.

On foreign attachment.

Argued before Justices CARPENTER and RANDOLPH.

*W. L. Dayton,* for the defendant, moved to quash the writ of attachment, a rule having been taken to show cause at the July term, when the writ was returned. The grounds of the motion will appear in the opinion delivered.

*Vroom,* contra.

CARPENTER, J. The defendant at the last term, under the practice adopted in this action, took a rule on the plaintiff to furnish a bill of particulars of his demand, or a copy of the instrument or writing on which the writ had been issued. It appears, in answer to that rule, that the writ has been issued on an instrument in writing, dated January 7, 1849, by which the defendant engaged to pay the decedent the sum of $1276 in three years after date, with interest. The instrument is in the form of a penal bond with condition, but not under seal, and therefore the promise to pay is merely parol. It appears, by an endorsement on the original instrument, that one year's interest was paid in advance. After a second year had elapsed, the interest for that year, which it is alleged became due, remaining unpaid, this writ was issued. The defendant at one time offered to pay the sum of $74.76, being one year's inter-

est and the costs which had accrued at the time of the offer; but it was not accepted, and he now moves to quash the writ, as improvidently issued.

The writ must be quashed. It is the clear meaning and construction of the instrument that the defendant engaged to pay the principal sum, with interest, in three years. There is nothing in the idea suggested, that the very term interest implies that it is to be paid annually. Interest is the premium or recompense paid for the use of money, and it is usually computed at so much per centum annually. If no stipulation as to the time when the interest shall be paid, it will be payable, and then only, when the principal sum becomes due and payable. But here there is no room for ambiguity. The terms are, that the principal shall be paid, with interest, at the end of, or within three years from date. The voluntary payment in advance of part of the interest can make no difference in the construction of the instrument.

RANDOLPH, J., concurred.

Writ quashed.